J-A32012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAUN MYRICK | |
| Appellant | No. 2367 EDA 2013 |

Appeal from the Judgment of Sentence August 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004215-2012

BEFORE:  PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 20, 2015**

Appellant, Shaun Myrick, appeals his judgment of sentence entered following his convictions for sexually assaulting his daughter.  We affirm.

As we write exclusively for the parties, who are familiar with the factual context and legal history of this case, we set forth only so much of the facts and procedural history as is necessary to our analysis.

Myrick sexually assaulted his daughter over a period of years.  The abuse began when she was just ten years old.  A jury convicted Myrick of rape, involuntary deviate sexual intercourse, unlawful contact with a minor, aggravated indecent assault, and sexual assault.  After a hearing, the trial court determined that Myrick was a sexually violent predator ("SVP"), and

_____

[*] Former Justice specially assigned to the Superior Court.

then sentenced him to an aggregate term of 20 to 40 years' imprisonment. This timely appeal followed.

In his first issue presented on appeal, Myrick contends that the Commonwealth witness Philip Scribano, D.O., the doctor who examined the victim, testified impermissibly in stating, "the absence of medical injury is corroboration for the accuracy of the complainant's accusations." Appellant's Brief, at 3-4 (quoting N.T., Trial, 3/18/13, at 12, 17). Myrick objects that the use of the word "corroboration" "implies that the exam provided independent support for her allegations…." *Id*., at 7.

We are unable to locate in the notes of testimony the quotation Myrick attributes to Dr. Scribano in his brief. Apart from that glaring problem, Myrick did not lodge a single objection to Dr. Scribano's testimony at trial. Therefore, this claim is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.E. 103 (stating that an appellant may not predicate a claim of error on a ruling that admits evidence unless a timely objection, motion to strike or motion *in limine* appears of record and states the specific ground of the objection); *Commonwealth v. Parker*, 104 A.3d 17, 28 (Pa. Super. 2014).[1]

_____

[1] In his testimony, Dr. Scribano read a letter he wrote to the victim's primary care provider. He stated, in pertinent part, "[h]er exam is normal today, which neither proves nor disproves a past history of abuse but which
*(Footnote Continued Next Page)*

Myrick next argues that the trial court erred in permitting a portion of a DHS report prepared by a caseworker to be read to the jury. The portion he objects to on appeal is a statement the Commonwealth read to the jury that the "victim gave credible and consistent statements of abuse." N.T., Trial, 3/18/13, at 51.

In his brief, Myrick does not comply with Rule 2119 by providing a reference to where in the record he preserved this issue. **See** Pa.R.A.P. 2119(e). An examination of the certified record reveals that Myrick objected to the introduction of this evidence by arguing that "[i]t's prejudicial" and that "it's for the jury to determine credibility[.]" N.T., 3/15/13, at 143. He asked that the trial court redact that portion of the report. The trial court deemed the objected to portion admissible, noting that it would "deal with it in the jury instructions and make it clear to the jurors that it's for them to determine credibility." **Id**., at 144.

The "[a]dmission of evidence is a matter within the sound discretion of the trial court, and will not be reversed absent a showing that the trial court

*(Footnote Continued)* ─────────────

would be consistent with the reported history." N.T., Trial, 3/18/13, at 12. Dr. Scribano explained that "[t]he most common physical finding in children who have disclosed sexual abuse is a normal exam." **Id**., at 17. He then provided a detailed explanation as to why that is. **See id**., at 17-18. This was perfectly acceptable expert testimony. **See Commonwealth v. Minerd**, 753 A.2d 225, 227 (Pa. 2000) ("Commonwealth may, as part of its case-in-chief in a sexual assault prosecution, offer the testimony of an expert that the absence of physical trauma is nevertheless consistent with the alleged sexual abuse.").

clearly abused its discretion." ***Commonwealth v. Montalvo***, 986 A.2d 84, 94 (Pa. 2009) (citations omitted).

The trial court abused its discretion in permitting the Commonwealth to read the portion of the DHS caseworker report that the victim gave credible statements of abuse. The statement acted to improperly bolster the credibility of the victim. "It is a basic tenant of our judicial system that issues of credibility are left solely to the jury for resolution…." ***Commonwealth v. Kerrigan***, 920 A.2d 190, 198 (Pa. Super. 2007) (citation omitted). ***Cf***. ***Commonwealth v. Mendez***, 74 A.3d 256, 262 (Pa. Super. 2014) ("Expert testimony cannot be used to bolster the credibility of a witness.").

It was error for the trial court to permit the introduction of the statement, but we find that the error was harmless. "The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial. Harmless error exists if the record demonstrates, *inter alia,* that the error did not prejudice the defendant or the prejudice was *de minimis.*" ***Commonwealth v. Gonzalez***, ____ A.3d ____, ____, 2015 WL 252446, *14 (Pa. Super., filed January 21, 2015) (citation and internal quotation marks omitted).

The comment concerning credibility was a mere fleeting reference in the lengthy report read to the jury. ***See*** N.T., Trial, 3/18/13, at 48-54. The trial court instructed the jury, repeatedly, that they were the *sole* judges of

- 4 -

credibility. **See**, **e.g.**, N.T., Trial, 3/18/13, at 143, 148. "The law presumes the jury will follow the instructions of the court." **Commonwealth v. Eichinger**, 108 A.3d 821, 846 (Pa. 2014) (citation omitted). The error was harmless.

Lastly, in one paragraph, Myrick maintains that a finding that he is an SVP "must not result from those acts which have just been tried in the case at bar." Appellant's Brief, at 9 (citing 42 Pa.C.S.A. § 9792 and § 9795). Under Myrick's reading of the law, the convictions stemming from the sexual assault of his daughter were immaterial in determining whether he was an SVP.

There are serious problems with this curious argument. First, it was not even raised in his Rule 1925(b) statement and, therefore, is waived. **See Commonwealth v. Newman**, 84 A.3d 1072, 1078 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014). In addition, the two statutory sections Myrick cites are not even applicable. Section 9792 expired on December 20, 2012, pursuant to 42 Pa.C.S.A. § 9799.41.[2] The legislature deleted section 9795 back in 2000. **See** 2000, May 10, P.L. 74, No. 18, § 3.

---

[2] The Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41, was the statute in effect at the time of the SVP hearing and sentencing in this case; it became effective on December 20, 2012. **See** 2011, Dec. 20, P.L. 446, No. 111, § 12, effective in one year. **See also** 42 Pa.C.S.A. § 9799.13.

Most egregiously, this argument contravenes the plain wording of the statute.

The statute defines an SVP as "an individual *convicted* of an [enumerated] offense…." 42 Pa.C.S.A. § 9799.12 (emphasis added). Myrick's convictions are enumerated offenses: unlawful contact with minors (42 Pa.C.S.A. § 9799.14(c)(5)); rape (42 Pa.C.S.A. § 9799.14(d)(2)); involuntary deviate sexual intercourse (42 Pa.C.S.A. § 9799.14(d)(4)); sexual assault (42 Pa.C.S.A. § 9799.14(d)(5)); and aggravated indecent assault (42 Pa.C.S.A. § 9799.14(d)(7)). It is the *conviction* that prompts the assessment by the Sexual Offenders Assessment Board. *See* 42 Pa.C.S.A. § 9799.24(a) ("After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed…."). And the assessment entails "an examination" of the "[f]acts of the *current offense*…." 42 Pa.C.S.A. § 9799.24(b)(1)(i)-(vii) (emphasis added). *See also Commonwealth v. Prendes*, 97 A.3d 337, 355-359 (Pa. Super. 2014) (explaining assessment process and adjudication as an SVP).

The convictions in this case are clearly pertinent to the determination as to whether Myrick was an SVP. Accordingly, Myrick's argument fails.[3]

_____

[3] After stating that his sexual assault convictions are immaterial, Myrick briefly recounts his criminal past and other circumstances, and in a sentence tacked onto his one-paragraph argument, concludes that the evidence was insufficient to sustain his SVP designation. *See* Appellant's Brief, at 9. We rely on the trial court's opinion to explain that the Commonwealth presented
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2015

---
*(Footnote Continued)* ───────────

sufficient evidence to sustain the SVP designation.  **See** Trial Court Opinion, 1/21/14, at 15-18.