J-A13007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID J. MCCLELLAND | |
| Appellant | No. 1776 WDA 2013 |

Appeal from the Judgment of Sentence June 6, 2013
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001884-2011

BEFORE:  PANELLA, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY PANELLA, J.            **FILED SEPTEMBER 21, 2015**

Appellant, David J. McClelland, appeals from the judgment of sentence entered June 6, 2013, in the Court of Common Pleas of Washington County, following his conviction of Second Degree Murder, Dealing in Proceeds of Unlawful Activity, Receiving Stolen Property, and Criminal Conspiracy to Commit Criminal Homicide, Dealing in Proceeds of Unlawful Activity, Robbery, Burglary, and Theft by Unlawful Taking or Disposition.  No relief is due.

We take the underlying history of this case from the trial court's opinion.

> Following a trial by jury, [Appellant], David J. McClelland, was convicted of [the above-mentioned crimes].  During the trial, the jury heard evidence that [McClelland] and his co-defendants, his father and his step-mother, were engaged in numerous burglaries and thefts of cash from the home of Evelyn Stepko, their elderly neighbor, who lived alone, beginning in

August 2009 and continuing through July 18, 2011, when Evelyn Stepko was found murdered in her home.

During the period of time the burglaries were occurring, [McClelland] was a municipal police officer, working for several local departments. [McClelland] made at least one deposit of stolen cash into his co-conspirators' account while dressed in his police uniform. Although [McClelland] gave conflicting statements to police and attempted to minimize his involvement in the burglaries, he admitted that he received large amounts of cash from his co-defendant father, knowing that the money had been stolen from Evelyn Stepko, and knowing that his father had no other means to give him money. Despite this knowledge, [McClelland] admitted asking his father for additional monies. [McClelland] further admitted that after one of the burglaries, his father called him at work while he was working as a police officer and asked if he had heard anything about the burglaries. The Commonwealth also introduced telephone records, which showed that [McClelland] would receive calls from his co-defendant father immediately before and immediately after at least one of the burglaries.

Although the Commonwealth had direct evidence, through DNA, that his co-defendant had been in the house at the time of the murder, there was circumstantial evidence introduced at trial from which the jury could infer that the Defendant had been in Mrs. Stepko's home and had participated in the burglaries as well: the basement window from which the perpetrators gained entry to the home was difficult to traverse; members of the state police found it difficult to enter unassisted, inferring that it was unlikely that the co-defendant father, who was on disability, could have entered the home without help; during his statement to police, [McClelland] described in considerable detail Mrs. Stepko's armoire from which cash was stolen; a neighbor testified that he saw a white male, fitting [McClelland's] description, leaving Mrs. Stepko's home carrying a white bag and moving toward [McClelland's] home, following a burglary.

As was the case with his co-conspirators, [McClelland] admitted to using cash stolen from the burglaries at the casino. [He] also acknowledged spending stolen cash on firearms, tools and improvements to his property. [McClelland] also received from his co-conspirators the house he was living in and a vehicle, which were purchased with stolen cash. [McClelland] further admitted that he discussed with his co-defendant father

how and where they might hide the unspent cash that had been stolen from Mrs. Stepko.

Like his co-conspirators, at no time did [McClelland] report the criminal activity to police or attempt to abandon the conspiracy. Even after M[r]s. Stepko's murder was discovered, [he] did not come forward.

Trial Court Opinion, 4/29/14 at 5-7 (record citations omitted).

Following McClelland's conviction by a jury of all charges, the trial court imposed an aggregate sentence of life imprisonment. McClelland thereafter filed timely post-sentence motions, which the trial court denied. This timely appeal followed.

McClelland raises the following issues for our review:

1. Did the trial court err in allowing the Commonwealth to introduce evidence of Appellant's former employment as a police officer in contradiction of the Pennsylvania Rules of Evidence and the jurisprudence of this Commonwealth?

2. Did the trial court err in sustaining the verdict where the verdict was against the weight of the evidence?

3. Did the trial court err in sustaining the verdict where there was insufficient evidence to convict Appellant of Criminal Homicide, Dealing in Proceeds of Unlawful Activity, or Criminal Conspiracy?

4. Did the trial court err by incorrectly instructing the jury on the applicable law?

Appellant's Brief at 11.

McClelland first challenges the trial court's decision to admit evidence of his former employment as a police officer. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion."

*Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012), *appeal denied*, 76 A.3d 538 (Pa. 2013) (internal citations omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014) (citation omitted). An appellant cannot prove an abuse of discretion unless he shows how he was prejudiced by the court's decision. *See Commonwealth v. Ogrod*, 839 A.2d 294, 324 (Pa. 2003).

"All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Relevant evidence is defined as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. However, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Pa.R.E. 403. "'Unfair prejudice' supporting exclusion of relevant evidence means a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Wright*, 961 A.2d 119, 151 (Pa. 2008) (citation omitted).

- 4 -

McClelland argues that evidence of his prior employment as a police officer was unfairly prejudicial as it suggested to the jury that he should answer to a higher standard than any other defendant. **See** Appellant's Brief at 24-25. Notably, McClelland does not cite any case law to support his assertion. While we can certainly envision that some prejudice might result from the admission of evidence that McClelland was a police officer, whose duty it was to protect the public, at the time he committed the crimes, we find no danger that the contested evidence would "stir such passion in the [finder of fact] as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." **Commonwealth v. Sherwood**, 982 A.2d 483, 498 n. 25 (Pa. 2009), (citation omitted). We further agree with the trial court's determination that the evidence of McClelland's occupation as a police officer did not reflect upon the ultimate issue of McClelland's guilt or innocence such that it denied him of a fair trial. **See** Trial Court Opinion, 4/29/14 at 11. Therefore, we find the trial court did not abuse its discretion when it admitted evidence of McClelland's employment.

McClelland next argues that the jury's verdict was against the weight of the evidence. We note that

> [t]he finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A

verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breach, temporarily and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Boyd**, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (quoting **Commonwealth v. Cruz**, 919 A.2d 279, 281-82 (Pa. Super. 2007)).

The trial court explained its reasons for rejecting McClelland's weight of the evidence claim as follows.

The evidence presented at trial … overwhelmingly supported the verdict rendered by the jury. The Commonwealth's witnesses testified in a credible manner to the facts of the case. [McClelland], on the other hand, claimed in his defense that the allegations of his involvement in the burglaries and thefts were unfounded. The defense put forth that [McClelland], although unaware that his co-defendant father was stealing from the home of the victim, did not commit, plan or participate in any burglaries and that the only thing that [he] was guilty of was receiving stolen property. The jury justifiably rejected this defense. Simply put, based on the evidence elicited during trial, it would be impossible for the [t]rial [c]ourt to find the evidence was so contrary to the verdict as to shock the conscience of the [t]rial [c]ourt or to determine that [McClelland] was denied justice.

Trial Court Opinion, 4/29/14 at 21.

Upon review, we find no abuse of discretion by the trial court in determining that the verdicts were not against the weight of the evidence. The trial court's determinations are supported by the record, and the jury acted well-within its discretion to credit the consistent testimony of the Commonwealth's witnesses and not McClelland. *See Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa. Super. 2003) ("[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." (citation omitted)). Thus, we find this claim to be without merit.

McClelland alternatively challenges the sufficiency of the evidence to support his convictions. We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency

claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Slocum***, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id***. (citation omitted).

In his Rule 1925(b) statement, McClelland argued only that "there was insufficient evidence to convict Defendant of any count besides Receiving Stolen Property[.]" Concise Statement, 11/19/13. at ¶ 5. This sweeping, generic statement fails to satisfy the requirement that an appellant must state *with specificity* the elements of the crimes for which there is allegedly

insufficient evidence.[1] This violation is especially significant here, given that McClelland challenges the sufficiency of the evidence to support his conviction of *multiple* crimes, but his Rule 1925(b) statement utterly fails to pinpoint any specific crime or any elements of his convicted crimes that lacked sufficient evidence. We therefore are constrained to find McClelland's sufficiency claims to be waived. **See Garland**, **supra**.

Lastly, McClelland argues broadly that the trial court erred by "incorrectly instructing the jury on the law." Appellant's Brief at 54. Preliminarily, we note that we agree with the trial court's conclusion that McClelland has waived any challenge to the jury instructions on appeal. "[T]o preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings." **Commonwealth v. Williams**, 91 A.3d 240, 252 (Pa. Super. 2014) (citation omitted). Our review of the trial transcript reveals that defense counsel did not raise a contemporaneous objection to any allegedly improper jury instruction—either during or immediately after the court issued its

---

[1] Nor does McClelland detail his challenge to the sufficiency of the evidence with greater specificity in the statement of questions involved contained in his appellate brief. Therein, he argues only broadly that "there was insufficient evidence to convict Appellant of Criminal Homicide, Dealing in Proceeds of Unlawful Activity, or Criminal Conspiracy[.]" Appellant's Brief at 11.

instructions to the jury.[2]   Accordingly, this claim is waived.   ***See***

***Commonwealth v. May***, 887 A.2d 750, 761 (Pa. 2005) (holding that the

"absence of a contemporaneous objection renders" an appellant's claims

waived).

Having found no merit to McClelland's issues raised on appeal, we

affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Ott files a concurring/dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2015

---

[2] Although defense counsel lodged an objection to a sentence contained on
the verdict slip, he did not challenge the jury instructions issued by the court
at any time.  ***See*** N.T., Jury Trial, 4/9/13 at 1183, 1187-1193.  The issue
concerning the language contained on the verdict slip is obviously altogether
different from the challenge to the jury instructions now raised on appeal.