J-S17007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CRAIG GARDNER, | |
| Appellant | No. 3662 EDA 2015 |

Appeal from the Judgment of Sentence of November 25, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014238-2013

BEFORE: OLSON, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 05, 2017**

Appellant, Craig Gardner, appeals from the judgment of sentence entered on November 25, 2015 in the Court of Common Pleas of Philadelphia County. We affirm.

The trial court summarized the facts and procedural history in this matter as follows.

> On September 29, 2013, the complainant received a [telephone] call from [Appellant] who asked to meet her at 53rd Street and Race Street in the City and County of Philadelphia, Pennsylvania to retrieve some of his belongings. The complainant was in a relationship with [Appellant, which produced a child]. When the complainant arrived, [Appellant] began to bang on her driver-side car window. When she rolled down the window, [Appellant] punched her on the left side of her face and pulled her out of the car. [Appellant] dragged her into his mother's house and continued to hit the complainant. [Appellant] then dragged her to the back upstairs bedroom. [Appellant] pushed the complainant down onto the sofa. [Appellant] forced the complainant to have sexual intercourse. He penetrated her vagina with his penis and ejaculated. After the rape[, Appellant]

asked her where her [tele]phone was and punched her in the stomach. After the complainant put her clothes on, [Appellant] slammed her onto the floor. [Appellant] walked the complainant to her car where she refused to kiss [Appellant]. He then smacked and choked her through the car window. The complainant was eventually able to drive away. She pulled to the side of the road and hit the On Star button in her car to [summon] the police. Police Officer Terrell Greene arrived at the scene and the complainant reported what happened to the officer.

The complainant was taken to the Special Victims Unit where she gave a statement to Detective Mark Webb and was examined by Geneka Miles, a [s]exual [a]ssault [n]urse [e]xaminer. Ms. Miles took a report from the complainant and performed a physical examination. The nurse testified that there was tenderness of the cervical spine of [complainant's] neck. Also, there was tenderness of the labia majora and minora, and perineum.

Trial Court Opinion, 5/23/16, at 2-3 (record citations omitted).

Based on the foregoing events, the Commonwealth filed a criminal information charging Appellant with rape and related offenses on November 20, 2013. A non-jury trial commenced on June 29, 2015. On July 8, 2015, the trial court found Appellant guilty of rape by forcible compulsion, sexual assault, indecent assault, simple assault, recklessly endangering another person (REAP), and false imprisonment.[1] Prior to sentencing, Appellant moved for extraordinary relief, which the court denied on November 25, 2015. That same day, the court ordered Appellant to serve ten to 20 years' imprisonment for rape and merged convictions for sexual assault, indecent

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, 3126(a)(1), 2701(a)(1), 2705, and 2903(a).

assault, and REAP for sentencing purposes. No further penalty was imposed for false imprisonment and simple assault.

Appellant filed a timely notice of appeal on November 30, 2015. Pursuant to Pa.R.A.P. 1925(b), the court, on December 2, 2015, directed Appellant to file a concise statement of errors complained of on appeal within 21 days. Appellant filed a timely, original concise statement on December 23, 2015. Additionally, Appellant filed a supplemental concise statement on May 25, 2016, which the trial court accepted as timely filed *nunc pro tunc*. Although the court issued its opinion on May 23, 2016, two days before Appellant filed his supplemental concise statement, the court's opinion addressed the claims raised by Appellant in his supplemental submission.

Appellant raises the following issue for our consideration in this appeal:

> [Whether] the trial court err[ed] when it permitted the Commonwealth to introduce the complainant's out-of-court hearsay statements as prior consistent statements [since] the[] statements served only to bolster the Commonwealth's version of events and should not have been admitted under Pennsylvania Rule of Evidence 613[?]

Appellant's Brief at 3.

Appellant argues on appeal that the court, at various stages of trial, erroneously admitted prior consistent statements made by the complainant. According to Appellant, the trial court improperly allowed the Commonwealth

to bolster its case through substantive use of corroborating, prior consistent statements in violation of our evidentiary rules. We disagree.

"The admission of evidence is committed to the sound discretion of the trial court and an appellate court may reverse only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. McFadden*, 2017 WL 605067, *8 (Pa. Super. 2017). This standard of review is a narrow one. *Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted). Our case law holds that "[a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.*

At this non-jury trial for rape and related offenses, the Commonwealth called as its first witness the sexual assault nurse who examined the complainant shortly after the attack. During direct examination, the court allowed the Commonwealth to introduce the statement in which the complainant described the attack to the nurse examiner. The prosecutor explained that the statements were offered as prior consistent statements in anticipation of efforts to impeach the credibility of the complainant. N.T., 6/29/15, at 12. Defense counsel objected, asserting that the introduction of the statements was premature since she had not yet attacked the complainant's credibility. *Id.* at 13. Appellant asserts that the trial court

erred in overruling this objection since the Commonwealth introduced the prior consistent statement through the nurse examiner when no effort had been made to impeach the complainant's credibility.

Hearsay, defined as a declarant's out-of-court statement or assertion offered into evidence to prove the truth of the matter asserted, is generally inadmissible unless an exception applies. **See** Pa.R.E. 801(a)-(c) and 802. Prior consistent statements admitted as corroborating evidence pursuant to Rule 613(c)[2] are, however, a different matter. Rule 613(c) governs rehabilitation of a testifying witness. Statements introduced under that provision are offered simply to show that the witness's testimony is consistent; they are not offered to prove the truth of the matter asserted. **Commonwealth v. Curely**, 910 A.2d 692, 699 (Pa. Super. 2006). Hence,

---

[2] In relevant part, Pa.R.E. 613(c) provides as follows:

> (c) **Witness's Prior Consistent Statement to Rehabilitate.** Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement, and the statement is offered to rebut an express or implied charge of:
>
> > (1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or
> >
> > (2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness' denial or explanation.

Pa.R.E. 613(c).

strictly speaking, statements admitted under Rule 613(c) do not fall within the definition of hearsay. *Id.*

Because prior consistent statements are admissible only to rehabilitate a witness, evidence of such statements is not ordinarily introduced until after the witness's testimony has been attacked on cross-examination. *Commonwealth v. Cook*, 952 A.2d 594, 625 (Pa. 2008). Nevertheless, where it is clear before cross-examination that the defense will focus on impeachment of the witness, a trial court enjoys the discretion to admit prior consistent statements in anticipation of impeachment. *Id.*; *see also Commonwealth v. Wilson*, 861 A.2d 919, 930 (Pa. 2004).

After careful review of the record, we are persuaded that the trial court did not abuse its discretion in allowing the Commonwealth to introduce the complainant's out-of-court statement to the nurse examiner before the defense attacked her credibility on cross-examination. As of the time of trial, there was every reason to believe that defense counsel would challenge the complainant's credibility as to the nature of the attack and the extent to which Appellant employed force in the perpetration of the assault. At the preliminary hearing,[3] the complainant's testimony on direct examination, consistent with our factual recitation above, described a non-consensual

---

[3] Since this was a non-jury trial, neither side gave opening statements. In the absence of such a description of what Appellant's defense would entail, we refer to the preliminary hearing to determine whether it was likely that the defense strategy involved attacking the credibility of the complainant.

sexual encounter that occurred after a violent confrontation with Appellant. Thereafter, defense counsel cross-examined the complainant in an apparent effort to demonstrate that the sexual episode at issue was consensual and to challenge the extent to which Appellant employed force during the course of the attack. *See* N.T., 9/14/13, at 21-31. Under these circumstances, the trial court did not abuse its discretion in allowing the Commonwealth to use the complainant's prior consistent statement to the nurse examiner as rehabilitation in anticipation of impeachment on cross-examination.[4]

---

[4] Although we affirm the trial court's ruling, we acknowledge a potential infirmity in our decision. Our case law is clear that a court has the discretion to admit, before cross examination, prior consistent statements as rehabilitation in anticipation of an attack on a witness's credibility. *See* *Cook*, 952 A.2d at 625. The admission of such rehabilitative evidence usually occurs during the course of direct examination of the witness whose testimony will be subjected to attack. What is unclear, however, is whether the court's discretion allows it to permit the use of prior consistent statements for anticipatory rehabilitative purposes with witnesses such as the nurse examiner who appear **before** the witness whose credibility is expected to be attacked. Neither party cited case law that discusses this concern and our own efforts have not uncovered relevant analysis.

Nevertheless, even if the court's authority did not extend to the precise circumstances before us, we would not be inclined to grant relief. First, Appellant did not object on this basis at trial. There, defense counsel argued only that that the complainant's prior consistent statement was not admissible since counsel had not yet "attacked the credibility of the complainant." N.T., 6/29/15, at 13. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Similarly, Appellant's brief stresses only the fact that counsel had not yet impeached the complainant; there is only passing reference to the introduction of the challenged statement through the nurse examiner. *See* Appellant's Brief at 14-15. Although Appellant notes that the Commonwealth introduced the prior inconsistent statement through the

*(Footnote Continued Next Page)*

- 7 -

We need not consider Appellant's remaining contention that the trial court erred in allowing the Commonwealth to introduce the complainant's statements to the police through Officer Greene as either prior inconsistent statements, excited utterances, or prompt complaints. "This Court may affirm a decision of the trial court if there is any basis on the record to support the trial court's actions, even if we rely on a different basis." *Commonwealth v. Allshouse*, 985 A.2d 847 (Pa. 2009). An error in the admission of evidence is subject to reversal only if it contributed to the verdict. *See McFadden*, 2017 WL 605067, *8. For the reasons that follow, we conclude that the complainant's testimony, when confronted with her multiple prior inconsistent statements, constituted such compelling, substantive evidence of Appellant's guilt that any alleged errors in the admission of out-of-court statements through Officer Greene could not have contributed to the guilty verdicts rendered in this case.

*(Footnote Continued)* ————————————

nurse examiner before the complainant ever testified, the brief does not explain whether or how this procedure conflicts with a proper construction of Rule 613(c). Hence, the issue is waived as undeveloped. *See* Pa.R.A.P. 2101 and 2119(a). Lastly, as we shall explain above, the compelling nature of the complainant's testimony, when confronted with her multiple prior inconsistent statements in police reports, prison telephone calls with Appellant, and her preliminary hearing testimony, make clear that any potential error in the introduction of the complainant's prior consistent statement through the nurse examiner did not contribute to the guilty verdicts in this case. *See McFadden*, 2017 WL 605067, *8 (trial court will be reversed only if an error in the admission of evidence contributed to the verdict).

Pennsylvania Rule of Evidence 803.1 provides that prior inconsistent statements are not excluded by the rule against hearsay, and constitute substantive evidence, if the declarant testifies and is subject to cross-examination about the prior statement and the statement was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition or is a writing signed and adopted by the declarant. **See** Pa.R.E. 803.1.[5] As an exception to the hearsay rule where the declarant testifies at trial, Pa.R.E. 803.1 is consistent with prior Pennsylvania case law, including **Commonwealth v. Lively**, 610 A.2d 7 (Pa. 1992), where our Supreme Court held that prior inconsistent statements made by Commonwealth witnesses at a preliminary hearing, and in a signed writing given to police, were admissible as substantive evidence.

Almost immediately after taking the witness stand, the complainant advised that she did not want to testify against Appellant and that she only appeared in court to avoid enforcement of a bench warrant and to speak one-on-one with the judge. The complainant explained that she forgave Appellant, that she thought he was a "good person," that she wanted to drop the charges, and that she wanted Appellant to return to her and the child they shared together. Instead of a rape, the complainant described the incident as a "domestic altercation" and said she summoned the police

---

[5] Effective April 1, 2017, our Supreme Court amended Rule 803.1, but the changes have no impact upon this case.

because Appellant became too aggressive. However, after the Commonwealth confronted the complainant with her prior inconsistent statement to investigators, telephone conversations she had with Appellant from prison, and with her prior testimony at Appellant's preliminary hearing, the complainant admitted that she was "not denying that this happened" but that she believed Appellant only needed counseling. N.T. 6/29/15, at 62. Based on the substantive evidence set forth in the complainant's prior inconsistent statements, which she did not deny, we conclude there was a sufficient basis to support the verdicts entered in this case, despite the complainant's change of heart toward Appellant. Because the complainant's prior inconsistent statements constitute compelling, substantive evidence of Appellant's guilt, any alleged errors in the admission of evidence in this case did not contribute to Appellant's adverse verdicts.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2017

- 10 -