J-S41022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.I-S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: A.I-S., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 315 EDA 2017 |

Appeal from the Dispositional Order December 14, 2016
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0002254-2016

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 07, 2018**

Appellant, A.I.-S., appeals from the order of disposition entered on December 14, 2016.  We vacate and remand.

On November 22, 2016, the Commonwealth filed a delinquency petition against Appellant and accused him of acts constituting simple assault, conspiracy, and recklessly endangering another person ("REAP"). Delinquency Petition, 11/22/16, at 1.   Appellant's adjudicatory hearing occurred on December 13, 2016 and, during this hearing, the Commonwealth presented the testimony from the complainant, E.C.

E.C. testified that, at the time of the assault, he, Appellant, and Appellant's brother were in school.  E.C. testified that he told Appellant's brother "to pull his pants up [because] . . . his butt crack was showing."  N.T. Hearing, 12/13/16, at 8.   Minutes later, Appellant and Appellant's brother attacked E.C. by punching him in his face.  *Id.* at 9-11.   E.C. testified that,

_____

*   Former Justice specially assigned to the Superior Court.

after he was punched, he fought back and began swinging punches at Appellant. He testified:

> Me and [Appellant], we were swinging at each other. That's when [Appellant's] brother came up behind me and grabbed me, threw me to the ground. That's when they started kicking me out and stomping me out. And I got back up and [Appellant's brother] put me in a headlock. . . . [When I was in the headlock, Appellant] just started hitting me. . . .

*Id.* at 11-13.

During cross-examination, Appellant's attorney asked E.C. whether E.C. was currently on probation. *Id.* at 24-25. The Commonwealth objected to the question on the ground of relevance and Appellant's attorney responded:

> Your Honor, under *Davis v. Alaska*, [415 U.S. 308 (1974),] this is relevant to show bias. If somebody is on probation or on any kind of supervision with the Commonwealth, they could potentially be testifying favorably for the Commonwealth in order to curry favor with the Commonwealth.
>
> Because if [E.C. were] on probation and he was arrested for assault, that would be a violation of his prob[ation]. And the Supreme Court of the United States made that very clear in *Davis v. Alaska*.

*Id.* at 25.

The juvenile court sustained the Commonwealth's objection and did not allow Appellant to cross-examine E.C. on his probationary status. *Id.* at 26. According to the juvenile court, E.C.'s probationary status was irrelevant because E.C. was a complaining witness. *Id.* at 25-26.

Following E.C.'s testimony, the Commonwealth rested and Appellant then testified in his own defense. As Appellant testified, E.C. was the initial

aggressor and Appellant only fought back after E.C. struck both Appellant and Appellant's brother. *Id.* at 31-32.

At the conclusion of the hearing, the juvenile court adjudicated Appellant delinquent for acts constituting simple assault.[1] *Id.* at 45. On December 14, 2016, the juvenile court signed the dispositional order. The order declared that Appellant was in need of treatment, supervision, and rehabilitation and ordered him placed in a residential facility at Mitchell Residential Program – St. Gabriel's. Order of Disposition, 12/14/16, at 1.

Appellant filed a timely notice of appeal. Appellant raises two claims to this Court:

> 1. Did not the juvenile court abuse its discretion and violate [Appellant's] constitutional rights to present a defense, to confront the witness against him and to a fair trial, in violation of the federal and state constitutions, by refusing to allow counsel to pursue a legitimate and critical line of questioning regarding the complaining witness's probationary status where such questioning was relevant to the complainant's motive to testify favorably to the Commonwealth and to establish a motive to lie and fabricate the events at issue?
>
> 2. Did not the juvenile court err and abuse its discretion in adjudicating [Appellant] delinquent where the court failed to hold a hearing as to whether [Appellant] was in need of treatment, rehabilitation, or supervision, and as such, the finding of delinquency was based on insufficient evidence and not proven beyond a reasonable doubt?

Appellant's Brief at 3.

---

[1] 18 Pa.C.S.A. § 2701(a).

- 3 -

First, Appellant claims that the trial court committed an evidentiary error. We have explained:

> [Our] standard of review for a trial court's evidentiary rulings is narrow. The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013) (internal quotations and citations omitted). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Commonwealth v. Lopez*, 57 A.3d 74, 81 (Pa. Super. 2012) (internal quotations and citations omitted). "A party suffers prejudice when the trial court's error could have affected the verdict." *Commonwealth v. Tyack*, 123 A.3d 254, 257 (Pa. Super. 2015) (internal quotations and citations omitted).

Contrariwise, "an erroneous ruling by a trial court on an evidentiary issue does not require us to grant relief where the error was harmless." *Commonwealth v. Chmiel*, 889 A.2d 501, 521 (Pa. 2005). Our Supreme Court has held:

> Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis;* (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so

overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Id.* (internal quotations and citations omitted). "An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict." *Id.* at 528. "If there is a reasonable possibility that the error may have contributed to the verdict, it is not harmless. The burden of establishing that the error was harmless rests upon the Commonwealth." *Id.* (internal citations omitted).

Appellant claims that the juvenile court erred when it refused to allow him to cross-examine E.C. on his probationary status. Appellant's Brief at 10. The Commonwealth agrees that the juvenile court erred in this regard and agrees that Appellant is entitled to relief on this issue.[2] Commonwealth's Brief at 5. We appreciate the Commonwealth's candor on appeal and agree that the juvenile court erred when it sustained the Commonwealth's objection and refused to allow Appellant to cross-examine E.C. on his probationary status.

_____

[2] The juvenile court declared that Appellant waived his claim on appeal because, during Appellant's case-in-chief, Appellant did not recall E.C. as a witness and (again) asked E.C. about his probationary status. Juvenile Court Opinion, 4/24/17, at 5. Simply stated, Appellant was not required to recall E.C. as a witness to preserve his claim of error. In the case at bar, during Appellant's cross-examination of E.C., the juvenile court clearly sustained the Commonwealth's objection to Appellant's question regarding E.C.'s probationary status and the juvenile court clearly refused to allow Appellant to cross-examine E.C. on his probationary status. N.T. Hearing, 12/13/16, at 24-26. This is sufficient to preserve Appellant's current claim of error. *See*, *e.g.*, Pa.R.E. 103(b) ("Once the court rules definitively on the record--either before or at trial--a party need not renew an objection or offer of proof to preserve a claim of error for appeal").

*Davis*, 415 U.S. at 317 (holding that the defendant possessed the right to cross-examine a juvenile identifying witness on his probationary status because "[t]he claim of bias which the defense sought to develop was admissible to afford a basis for an inference of undue pressure because of [the witness'] vulnerable status as a probationer, as well as of [the] possible concern that [the witness] might be a suspect in the investigation"); *Commonwealth v. Simmon*, 555 A.2d 860, 863 (Pa. 1989) ("a prosecution witness's juvenile probationary status is relevant to show bias regardless of whether the person appears as the victim/complainant"); *Commonwealth v. Murphy*, 591 A.2d 278, 280 (Pa. 1991) ("[i]t was incumbent upon defense counsel to bring to the jury's attention the possibility that [the witness] had a motive for testifying against the defendant, whether based upon a formal agreement with the prosecution or a subjective belief that she would receive favorable treatment with regard to her juvenile probation"). Further, the juvenile court's error was not harmless, as E.C.'s testimony was the sole evidence against Appellant in this case. *See* N.T. Hearing, 12/13/16, at 5-28.

Therefore, we vacate the dispositional order, vacate the adjudication of delinquency, and remand for a new hearing.[3]

Order of disposition vacated. Adjudication of delinquency vacated. Case remanded. Jurisdiction relinquished.

---

[3] In light of our holding, Appellant's second claim on appeal is moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/18