J-S06020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HERBERT EDWARD, JR. | |
| Appellant | No. 1066 MDA 2015 |

Appeal from the Judgment of Sentence June 1, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004803-2014

BEFORE: PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.: **FILED FEBRUARY 12, 2016**

Appellant, Herbert Edward, Jr., appeals from the June 1, 2015 judgment of sentence of five to ten years' imprisonment, imposed after the trial court found him guilty of one count of persons not to possess, use, manufacture, control, sell, or transfer firearms.[1] After careful review, we affirm.

We summarize the facts of this case from the certified record as follows. On September 10, 2014, Sergeant Christian Rothermel of the City of Reading Police Department responded to a call reporting an unidentified male walking with a long gun, either a shotgun or rifle. N.T., 6/1/15, at 10. The police also had information that the person carrying the gun could be in

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

*Former Justice specially assigned to the Superior Court.

one of several vacant houses in the area. *Id.* at 11. Sergeant Rothermel searched one of those vacant houses, at 927 Franklin Street, and discovered a loaded 12-gauge shotgun. *Id.*

Officer James Thomas was also searching the house at the time Sergeant Rothermel found the shotgun. *Id.* at 16. During Officer Thomas's search, he discovered a box containing court-related documents in the next room, approximately 20 feet away from the shotgun. *Id.* at 17-18. All of the documents were addressed to Appellant at 37 South Tenth Street. *Id.* at 18. Later that day, a Reading police officer located and arrested Appellant. *Id.* at 30-31.

The next day, September 11, 2014, Officer Thomas spoke to Jean Dorisca, who made the report of a man with a gun to police. *Id.* at 21, 25. During the interview, Officer Thomas showed a photo identification line-up to Dorisca. *Id.* at 22. Dorisca identified Appellant as the man with the gun he saw the previous day. *Id.* at 23. Dorisca picked Appellant from the line-up by circling Appellant's picture, and signing and dating the line-up. *Id.*; Commonwealth Exhibit 2.

In its October 31, 2014 criminal information, the Commonwealth charged Appellant with the above-mentioned offense and one count of possession of a controlled substance.[2] On June 1, 2015, Appellant

---

[2] 35 P.S. § 780-113(a)(16).

proceeded to a bench trial. That same day, the trial court found Appellant guilty of persons not to possess firearms, but not guilty of possession of a controlled substance. Immediately thereafter, the trial court sentenced Appellant to five to ten years' imprisonment. Appellant did not file a post-sentence motion. On June 18, 2015, he filed a timely notice of appeal.

On July 2, 2015, the trial court entered an order directing Appellant to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court sent notice of the Rule 1925(b) order to Appellant and his counsel. Appellant did not timely file a Rule 1925(b) concise statement. On July 29, 2015, the trial court issued a statement in lieu of an opinion, requesting that this Court dismiss the appeal due to Appellant's failure to comply with Rule 1925(b). Thereafter, on August 10, 2015, Appellant's counsel filed a motion for extension of time to file a Rule 1925(b) concise statement *nunc pro tunc*, which the trial court denied in an August 19, 2015 order. On August 25, 2015, Appellant's counsel filed a Rule 1925(b) concise statement. The trial court did not issue a Rule 1925(a) opinion.

This Court has held that the untimely filing of a Rule 1925(b) statement is *per se* ineffectiveness of counsel. **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*). Rule 1925(c)(3) provides that the remedy for such *per se* ineffectiveness is generally for this Court to "remand for the filing of a [Rule 1925(b)] Statement *nunc pro tunc* and for

the preparation and filing of an opinion by the [trial] judge." Pa.R.A.P. 1925(c)(3). The comment to Rule 1925 explains that Rule 1925(c)(3) was adopted as a more efficient process to resolve direct appeals, to replace the previous procedure of requiring appellants to first resort to post-conviction relief proceedings to restore their direct appeal rights. *Id.* at note. However, we have explained "if there has been an untimely filing [of a Rule 1925(b) concise statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." *Burton*, *supra*.

Here, the trial court declined to allow Appellant to file a Rule 1925(b) concise statement *nunc pro tunc*. *See* Trial Court Order, 8/19/15. The Commonwealth urges us to resolve this issue without remanding for a trial court opinion. Commonwealth's Brief at 4, n.2. Appellant has filed a 1925(b) statement raising a single evidentiary issue, and in the interest of judicial economy, we elect to review Appellant's issue on its merits.

On appeal, Appellant presents the following issue for our review.

> Whether the sentencing court abused its discretion by permitting a police officer to testify to an out-of-court statement by another witness at trial for the purpose of identifying [Appellant] as the person possessing a firearm[?]

Appellant's Brief at 5.

The following principles guide our consideration of this issue.

> The standard of review for a trial court's evidentiary rulings is narrow. The admissibility of evidence is

solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). In order to be entitled to relief based on a showing of a clear abuse of discretion in an evidentiary ruling, actual resulting prejudice must be established. *Commonwealth v. O'Black*, 897 A.2d 1234, 1240 (Pa. Super. 2006) (citation omitted).

Specifically, Appellant contends that Officer Thomas's trial testimony that Dorisca identified Appellant in a photo line-up as the person he saw carrying a gun was inadmissible hearsay. Appellant's Brief at 13. The trial court held that Officer Thomas's testimony that Dorisca identified Appellant was admissible. N.T., 6/1/15, at 23. We conclude that the trial court did not abuse its discretion.

At trial, the Commonwealth called Dorisca as a witness. On direct examination, Dorisca recanted his identification of Appellant by testifying that he did not recall picking Appellant's picture out of the line-up. N.T., 6/1/15, at 5-9. However, when Dorisca was shown the line-up, he confirmed that the initials were his in the following exchange. *Id.* at 8-9.

> [The Commonwealth:] … I'm gonna [sic] direct your attention to the top left-hand corner of

> Commonwealth's Exhibit No. 2[, the photo line-up].
> There's two initials there.  What are those initials?
>
> [Dorisca:]   This is mine.
>
> Q.      Those are your initials?
>
> A.      Yes.
>
> …
>
> Q.      And you're saying those are your initials?
>
> A.      Yes.
>
> Q.      You don't recall circling that photograph?
>
> A.      No.

***Id.***

Subsequently, the Commonwealth called Officer Thomas, who testified that Dorisca identified Appellant as follows.

> [The Commonwealth:] After your search of that building or sometime after that, did you have an opportunity to speak to a person by the name of Jean Dorisca?
>
> [Officer Thomas:]      Yes.  I spoke to him that day.
>
> Q.    Upon speaking to Mr. Dorisca, can you describe what he told you?
>
> [Appellant's Counsel:]  I'm gonna [sic] object, Your Honor.  It's asking for hearsay.
>
> [The Commonwealth:] I'll rephrase the question, Your Honor. … Upon speaking to Mr. Dorisca, was he able to tell you who the person it was that he witnessed with the gun or did he indicate that he knew that person?

A.     He did.

Q.     And who is it that he indicated to you that he knew who he was?

[Appellant's Counsel:]  Your Honor, again I'm going to object.

[The Trial Court:]     Objection sustained.

Q.     And based upon your discussions with Mr. Dorisca, did you or someone else compile a photo identification line-up?

A.     I did.

…

Q.     Officer Thomas, I'm going to show you what's been marked as Commonwealth's Exhibit No. 2. What is it that's depicted on Commonwealth's Exhibit No. 2?

A.     It is the photo line-up that I had shown Mr. Dorisca.

Q.     And upon showing Mr. Dorisca that photo line-up, were you present for that?

A.     I was present.

Q.     And what is it that you said to Mr. Dorisca?

A.     I asked Mr. Dorisca if there was anybody in these pictures that [he] recognized.  And he said he - - -

[Appellant's Counsel]:  Objection.  Hearsay.

[The Trial Court]:     The objection is sustained to that question.

Q. Did you -- did you explain to him what to do if he recognized anybody on that photo identification line-up?

A. I did.

Q. And what is it you told him to do?

A. I told him if he recognized this person, I had him circle, initial, and date it.

Q. And did you observe Mr. Dorisca perform any actions when you told him that?

[Appellant's Counsel:] Objection. Calls for hearsay.

[The Trial Court:] Objection's overruled.

…

Q. What actions did Mr. Dorisca take upon you explaining to him to circle anybody that he recognized?

[Appellant's Counsel:] Objection. I think it still calls for hearsay.

[The Trial Court:] The objection is overruled.

[Officer Thomas:] He circled picture number one of the line-up that I produced.

Q. And did he sign and date that?

A. Yes, he did.

Q. And Commonwealth's Exhibit No. 2, does that fairly and accurately depict that photo line-up?

A. Yes.

[The Commonwealth:] Taking what's marked as Commonwealth's Exhibit No. 2.

I move for admission of Commonwealth's Exhibit No. 2.

[Appellant's Counsel:]   No objection, Your Honor.

…

Q.    And the person who is indicated on the top left corner, or spot number one I believe as you referred to, who was that person?

A.    It's [Appellant].

*Id.* at 21-24.

On appeal, Appellant argues that the trial court improperly admitted Officer Thomas's testimony that Dorisca identified Appellant as the man carrying a gun because it is impermissible hearsay and the exceptions in Pennsylvania Rule of Evidence 803.1 do not apply.  Appellant's Brief at 14. The Commonwealth responds the testimony is not hearsay because the exception in Rule 803.1 applies.[3]  Commonwealth's Brief at 12-13.  We agree with the Commonwealth that the testimony was not hearsay under Rule 803.1(1)(B).

The Pennsylvania Rules of Evidence provide that, generally, "[h]earsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute."  Pa.R.E. 802.

_____

[3] We note that while the trial court did not inquire of the Commonwealth as to why Officer Thomas's testimony was not hearsay, both parties agree that the issue is whether Rule 803.1 excepts the statement from the definition of hearsay.

The Rules define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *Id.* at 801(c). Further, a statement is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." *Id.* at 801(a).

Here, Dorisca's out of court identification of Appellant as the man with the gun was hearsay. Dorisca's nonverbal conduct of circling Appellant's photo in the line-up was intended to assert that Appellant was the person Dorisca saw carrying a firearm the day before. *Id.* Further, Dorisca made the statement to police on September 11, 2014, and not at Appellant's trial. *Id.* at 801(c). Dorisca's statement was offered into evidence to prove that Dorisca had identified Appellant as the person with the firearm. *Id.* Therefore, that hearsay statement was not admissible unless a rule of evidence specifically provides for its admissibility. *Id.* at 802.

The Commonwealth maintains that the statement was properly admitted under Rule 803.1, which provides, in part, as follows.

> **Rule 803.1. Exceptions to the Rule Against Hearsay—Testimony of Declarant Necessary**
>
> The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:
>
> **(1) Prior Inconsistent Statement of Declarant-Witness.** A prior statement by a

declarant-witness that is inconsistent with the declarant-witness's testimony and:

(A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;

(B) is a writing signed and adopted by the declarant; or

(C) is a verbatim contemporaneous electronic, audio-taped, or videotaped recording of an oral statement.

Pa.R.E. 803.1(1).

Thus, pursuant to this rule, inconsistent statements made by a witness prior to the proceeding at which he is then testifying are admissible as substantive evidence of the matters they assert so long as those statements, when given, were adopted by the witness in a signed writing or were verbatim contemporaneous recordings of oral statements. At the subsequent proceeding, the declarant of the original statement need not (indeed, cannot) adopt the original statement, as the statement's inconsistency with the declarant's testimony at the present hearing renders the former statement admissible.

*Commonwealth v. Stays*, 70 A.3d 1256, 1262 (Pa. Super. 2013) (citations omitted).

In this case, Dorisca recanted his earlier identification of Appellant in the photo array. N.T., 6/1/15, at 5-9. Dorisca, however, conceded that his initials appeared on the line-up, next to the date, and inside the circle around Appellant's picture. *Id.* at 8-9. At trial, he testified that he did not recall circling the photograph or identifying Appellant to Officer Thomas. *Id.*

at 9. He also testified that while he made the report of a man carrying a gun to the police, he did not remember who he saw with the gun. *Id.* at 7-8. Appellant's counsel did not cross-examine Dorisca regarding his statement. *Id.* at 9.

Rule 803.1 rendered the signed photo array admissible. *See* Pa.R.E. 803.1(1). Specifically, Dorisca testified at trial. During his testimony, he recanted his prior identification of Appellant to police, rendering inconsistent his prior identification. In his testimony, Dorisca acknowledged that his initials were written on the photo array, above Appellant's picture and inside the hand-drawn circle around Appellant's picture. N.T., 6/1/15, at 8-9. Further, Dorisca conceded that he wrote the date of the identification, September 11, 2014, next to his initials. *Id.* at 9. Therefore, we conclude Dorisca circling Appellant's picture in the photo array was a prior inconsistent statement that was not excluded by the rule against hearsay because it was "a writing signed and adopted by the declarant."[4] Pa.R.E.

_____

[4] We note that Appellant did not object to the admission of the initialed and dated photo line-up, marked at trial as Commonwealth's Exhibit 2, into evidence. N.T., 6/1/15, at 24. Instead, Appellant objected to Officer Thomas's testimony that Dorisca was the one who circled the photograph to identify Appellant. However, Officer Thomas's testimony regarding Dorisca's actions was not necessary to establish Dorisca made the assertion the Appellant was the person with the gun. Officer Thomas's testimony that Exhibit 2 was the photo array he showed to Dorisca, combined with Dorisca's admission that his initials appeared on the photo array, inside the circle around Appellant's picture, is sufficient to establish Dorisca asserted
*(Footnote Continued Next Page)*

- 12 -

803.1(1)(B). Accordingly, we conclude the trial court did not abuse its discretion in admitting the photo array identifying Appellant as the man carrying the gun. **See Mendez**, **supra**.

Based on the foregoing, Appellant's issue on appeal lacks merit. Therefore, we affirm the June 1, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016

---

*(Footnote Continued)*

Appellant was the person he saw carrying the gun. **See id.** at 8-9, 22; Commonwealth's Exhibit 2.