J-A20007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEITH CERQUEIRA | |
| Appellant | No. 1592 WDA 2015 |

Appeal from the Judgment of Sentence October 5, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-SA-0000099-2015

BEFORE:  BOWES, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 19, 2016**

Keith Cerqueira appeals from the October 5, 2015 judgment of sentence that reinstated the decision of a magisterial district judge wherein the judge imposed a fine of $300 due to Appellant's violation of the Masontown Borough Code § 50-3 (Prohibition of dangerous buildings).  We affirm.

The pertinent facts follow.  On May 29, 2015, William Johnson of R.W. Sleighter, LLC, an engineer for Masontown Borough, inspected Appellant's property at 4 River Avenue, Masontown, Pennsylvania.  Appellant and Masontown Borough Police Chief Joseph Ryan were present.  There were two structures on the property.  The first one examined was a two-story wooden framed residence with attached garage; it had water damage to the ceiling

plaster on the first and second floors. A shed roof attached to the front of the residence had moderate damage so Mr. Johnson indicated that the roof should be repaired, replaced, or removed. Mr. Johnson opined that this residence was in overall fair condition.

The other structure was an unoccupied two-story timber-framed garage containing apartments on the second floor and an attic and with two concrete masonry structures attached to it. Mr. Johnson's review of that building revealed that both the header of the garage door and a support beam were failing. The header's condition rendered the upper balcony unsafe. In addition, the inspector observed that the wooden stairs leading to the second floor apartments as well as the roof were collapsing and dangerous. Mr. Johnson also saw these defects on the exterior of the apartment building: 1) broken and unsecured windows; 2) failing or missing exterior finish materials; and 3) loose or absent soffit, fascia and shingles. The interior inspection revealed that the ceiling and wall plaster were falling down, and there was water infiltration.

Mr. Johnson concluded that the structure was a dangerous building, as defined in the Masontown Borough Code § 50-1. On June 4, 2015, Masontown Police Chief Joseph C. Ryan notified Appellant that the property in question was a nuisance and unsafe and ordered Appellant to remedy the conditions leading to its classification as a dangerous building.

Six weeks later, on July 17, 2015, Appellant was charged with the summary offense of violating the Masontown Code due to his failure to comply with the repair order that accompanied the June 4, 2015 notice. On September 2, 2015, represented by David A. Colecchia, Esquire, Appellant appeared before a magisterial district judge, was found guilty, and was fined $300. After Appellant filed a notice of summary appeal, the appeal hearing was scheduled for October 2, 2015.

On September 29, 2015, three days before the scheduled hearing, Appellant asked for discovery and requested a continuance based upon Mr. Colecchia's need to appear at a social security hearing. In the discovery motion, Appellant also petitioned for *habeas corpus* relief, claiming that the Masontown Code violated his due process rights.

The discovery request was denied since general discovery is not permitted in summary matters. ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super. 2002). The district attorney objected to the continuance in that the dangerous building had yet to be repaired. The continuance was denied for two reasons: 1) Mr. Colecchia knew about the scheduling conflict for nearly one month and yet filed a continuance request three days before the summary appeal; and 2) the grant of a continuance would have burdened Masontown "with a dilapidated property." Trial Court Opinion, 12/14/15, at 3.

Appellant appeared *pro se* at the October 2, 2015 hearing. After his request for a continuance was denied and he refused to participate in the proceeding, the trial court reinstated the judgment of the magisterial district judge. Appellant thereafter simultaneously filed a motion for reconsideration, which was denied, and a notice of appeal. On appeal, Appellant raises two averments:

> 1. Whether the Masontown Borough Code prohibiting dangerous structures is unconstitutional as violating the Due Process Clause of the 14th Amendment to the United States Constitution and the Due Process requirements of the Pennsylvania Constitution, because it lacks an administrative remedy for the person to challenge the need for a repair or the timing of a repair as it contained in previous versions.
>
> 2. Whether the disclosure requirements of **Brady v. Maryland** 373 U.S. 83 (1963) apply in a Summary offense.

Appellant's brief at 4.[1]

Appellant first claims that he was denied due process because, in its present enactment, Chapter 50 of the Masontown Code, in contrast to its previous iteration, did not give him the opportunity to administratively contest the inspector's conclusions. "In terms of procedural due process, government is prohibited from depriving individuals of life, liberty, or property, unless it provides the process that is due. . . . [T]he basic elements of procedural due process are adequate notice, the opportunity to

_____

[1] These issues were presented in the motion for reconsideration and a 1925(b) statement.

be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." ***Commonwealth v. Turner***, 80 A.3d 754, 764 (Pa. 2013).

Herein, Appellant was present at the inspection and received a copy of Mr. Johnson's report and a repair order on June 4, 2015. He thus had notice of the conditions deemed dangerous by the inspection and the actions necessary to remedy the situation. He was cited six weeks later, and thus had adequate notice before the citation was issued.

As to the opportunity to be heard and defend himself, Appellant provides no legal support for his proposition that the due process clause requires that a person to be afforded administrative remedies. Despite his inability to ask for review by the borough council, Appellant had a full and fair opportunity to be heard before the magisterial district judge as well as by means of appeal to the court of common pleas, which are two fair and impartial tribunals with jurisdiction over summary violations. At those proceedings, Appellant had the chance to contest that his building was dangerous and that the ordered repairs were necessary. Since Appellant had both notice and an opportunity to be heard by a fair and impartial tribunal with jurisdiction, we reject Appellant's claimed due process violation.

In his second claim on appeal, Appellant challenges the trial court's denial of his discovery request. "Generally, on review of an order granting or denying a discovery request, an appellate court applies an abuse of

discretion standard." ***Commonwealth v. Mendez***, 74 A.3d 256, 260 (Pa.Super. 2013) (citation omitted). Appellant maintains that ***Brady*** "mandates discovery in all matters including all summary cases." Appellant's brief at 12. In ***Commonwealth v. Williams***, 86 A.3d 771 (Pa. 2014), our Supreme Court observed that ***Brady*** did not create a general right to discovery in a criminal case. In criminal matters, discovery is governed by Pa.R.C.P. 573,[2] which both incorporates ***Brady*** and affords a

_____

[2] The rule in question requires the following disclosure by the Commonwealth:

(1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

> (a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;
>
> (b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth;
>
> (c) the defendant's prior criminal record;

*(Footnote Continued Next Page)*

——————————————

(d) the circumstances and results of any identification of the defendant by voice, photograph, or in-person identification;

(e) any results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant that are within the possession or control of the attorney for the Commonwealth;

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence; and

(g) the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

(2) *Discretionary With the Court.*

(a) In all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10 (Secrecy; Disclosure), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(i) the names and addresses of eyewitnesses;

(ii) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

defendant broader discovery than mandated by that decision. In **Lutes**, **supra**, we observed that Pa.R.Crim.P. 573 applies to court cases and not to summary cases. The **Lutes** Court also noted, consistently with **Williams**, that **Brady** and its progeny did not create a general right to pretrial discovery in a summary prosecution.

Nevertheless, we agree that the Commonwealth must reveal evidence subject to **Brady** during its pursuit of a summary conviction. **See Lutes**,

*(Footnote Continued)* ———————————————

> (iii) all written and recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not; and
>
> (iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.
>
> (b) If an expert whom the attorney for the Commonwealth intends to call in any proceeding has not prepared a report of examination or tests, the court, upon motion, may order that the expert prepare, and that the attorney for the Commonwealth disclose, a report stating the subject matter on which the expert is expected to testify; the substance of the facts to which the expert is expected to testify; and a summary of the expert's opinions and the grounds for each opinion.

Pa. R. Crim. P. 573.

*supra* at 960 (footnote omitted; emphasis added) ("Since summary cases are not 'court cases,' pretrial discovery does not apply to Appellants **unless *Brady* or its progeny require otherwise**."); *see* Pa.R.Crim.P. 573, Comment ("This rule is intended to apply only to court cases.  However, the constitutional guarantees mandated in ***Brady v. Maryland***, 373 U.S. 83 (1963), . . . apply to all cases, including court cases and summary cases, and nothing to the contrary is intended.").

We thus consider whether ***Brady*** was violated when the trial court denied Appellant's discovery request.

> In order for a defendant to establish the existence of a ***Brady*** violation, he must establish that there has been a suppression by the prosecution of either exculpatory or impeachment evidence that was favorable to the accused, and that the omission of such evidence prejudiced the defendant. Further, no ***Brady*** violation occurs where the parties had equal access to the information or if the defendant knew or could have uncovered such evidence with reasonable diligence.

***Commonwealth v. Collins***, 888 A.2d 564, 577–78 (Pa. 2005).

In his discovery motion, Appellant asked that the Commonwealth be compelled to produce records demonstrating that the current version of Chapter 50 of the Masontown Code, which eliminated his ability to administratively litigate the question of dangerousness, was ratified in accordance with the applicable law.  Appellant maintains that if the amendment was not properly passed, the prior version of Chapter 50 would be applicable herein.

We first conclude that the evidence sought was not exculpatory, as envisioned by *Brady*. The fact that Appellant previously could have contested the finding that his building was dangerous to the borough council does not, to any extent, disprove either that the structure in question was dangerous or that the repairs in question were necessary. *Commonwealth v. Chamberlain*, 30 A.3d 381, 402 (Pa. 2011) (exculpatory evidence is proof that "might raise a reasonable doubt about a defendant's guilt"; *Brady* does not require disclosure of proof that merely might be useful to a defendant). Concomitantly, whether the prior version of the Masontown Code, due to the possibly invalid enactment of its current iteration, should have applied herein is not exculpatory evidence.

In addition, neither the district attorney's office nor any organization under its supervision suppressed the information in question. The manner in which the Masontown Code was amended was a matter of public record to which Appellant had access. *Brady* does not require the Commonwealth to conduct research on behalf of a defendant. Accordingly, that decision was not implicated by Appellant's discovery request, and the trial court did not abuse its discretion in denying the requested discovery.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016