J-S03010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEREK JONES, | |
| Appellant | No. 818 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 15, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004692-2015

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 09, 2019**

Appellant, Derek Jones, appeals from the judgment of sentence[1] of an aggregate term of 20 to 40 years' imprisonment, imposed after he was convicted of one count each of rape of a child,[2] involuntary deviate sexual

---

[1] Appellant purports to appeal from the judgment of sentence imposed on December 15, 2017 *and* the denial of his post-trial motions on February 5, 2018. However, "when timely post-sentence motions are filed, an appeal properly lies from the judgment of sentence made final by the denial of the post-sentence motions." **Commonwealth v. Bradley**, 69 A.3d 253, 254 (Pa. Super. 2013). We have adjusted the caption accordingly.

[2] 18 Pa.C.S. § 3121(c).

intercourse with a child,[3] sexual assault,[4] endangering the welfare of a child,[5] and corruption of minors.[6] Appellant challenges the sufficiency of the evidence to sustain his convictions and alleges the verdict is against the weight of the evidence. Appellant also asserts that his sentence is excessive and an abuse of the trial court's discretion. We affirm.

A detailed account of the facts which led to Appellant's convictions is set forth by the trial court in the following portion of its Pa.R.A.P. 1925(a) opinion:

> In early 2014, then 12-year-old J.T. lived with her dad, Damione Jones, her brother, and her then 9-year-old half-sister, K.J.[,] at 416 North Gilmore Street in Allentown, Lehigh County, Pennsylvania. During this time, [Appellant] – Damione's brother and J.T.'s uncle – was staying at the residence. One morning, J.T. and her sister wanted to go to [t]he Dollar Tree, and [Appellant] offered to give them a ride. Before leaving, Damione gave J.T. an Access Card, which she placed in the pocket of her sweater.
>
> [Appellant] drove the girls in his truck, with J.T. in the front seat and K.J. in the backseat. When they arrived at [t]he Dollar Tree, [Appellant] told K.J. to go shopping in the Dollar Tree and stated that he and J.T. were going to go get pizza at Big Woody's. K.J. entered the store, and [Appellant] and J.T. drove off in the direction of Big Woody's. [Appellant] drove past Big Woody's and went to a large parking lot. [Appellant] asked J.T. if she "wanted to do grown-up things." J.T. said "no." [Appellant] then grabbed J.T. by the hair, pushed her head down towards his penis, and forced her to "suck on his private parts."
>
> [Appellant] then ordered J.T. to take her pants off and pulled her by her hair over to the driver's seat. [Appellant] pushed J.T.'s

---

[3] 18 Pa.C.S. § 3123(b).

[4] 18 Pa.C.S. § 3124.1.

[5] 18 Pa.C.S. § 4304(a)(1).

[6] 18 Pa.C.S. § 6301(a)(1)(ii).

underwear to the side and "put[] his private part inside [her] private part." [Appellant] moved J.T.'s hips, which caused the Access Card to fall out of J.T.'s pocket. [Appellant] got angry, and asked J.T. why she did not give the card to K.J. [Appellant] then told J.T. he would beat her to death if she told anyone what happened. [Appellant] pushed J.T. back to the passenger seat. J.T. put her clothes back on, and the two drove back to the Dollar Tree. K.J. was outside the store. J.T. went inside with K.J. to pay for the items, and then they all drove back home.

The next morning, J.T. was asleep in her room. [Appellant] came in the room, grabbed J.T. by the hair, and pulled her downstairs to the couch. [Appellant] said, "We're going to do this again." Once on the couch, [Appellant] again grabbed J.T.'s hair, pulled her head down, and forced J.T. to perform oral sex on him. Afterwards, he pulled her on top of him and rape[d] her again. [Appellant] heard something outside and pushed J.T. off of him. J.T. ran upstairs.

Sometime in July [of] 2014, after [Appellant] had moved to North Carolina, J.T. told Damione what happened. The next day, Damione and J.T. went to the Allentown Police and reported what happened. J.T. gave a written statement to police, and was subsequently examined by Debra Esernio-Jenssen, M.D., Medical Director of the Child Advocacy Center and Child Protection Team. J.T. reported to Dr. Esernio-Jenssen that following each incident she had pain and pain on urination. There were no physical findings indicating abuse, but Dr. Esernio-Jenssen concluded that a normal exam is the most common finding in child sexual abuse cases. Indeed, the most common symptoms reported are pain and pain on urination.

Trial Court Opinion ("TCO"), 5/21/18, at 2-3 (citations to record and footnote omitted).

Based on the foregoing evidence presented at a jury trial, on December 15, 2017, Appellant was found guilty of the crimes stated *supra*, and was sentenced to 20 to 40 years' imprisonment and ordered to register as a Tier III Sexual Offender pursuant to 42 Pa.C.S. § 9799.10, *et seq.* On December 26, 2017, Appellant filed post-trial motions, which were denied by the trial

court on February 5, 2018. On March 6, 2018, Appellant filed a timely notice of appeal, followed by a timely court-ordered Rule 1925(b) statement of errors complained of on appeal.

Herein, Appellant presents the following issues for our review:

1. Whether the trial court erred by concluding that the evidence was sufficient to support the verdict where that evidence was the uncorroborated testimony of the juvenile victim that was impermissibly bolstered through the testimony of Deborah Esernio-Jenssen, M.D.[?]

2. Whether the trial court erred in admitting, over objection, the irrelevant and prejudicial testimony of Deborah Esernio-Jenssen, M.D., permitting the Commonwealth to bolster the credibility of the juvenile witness improperly[?]

3. Whether the trial court erred by concluding that the verdict was not against the weight of the evidence where [Appellant] was convicted by the uncorroborated testimony of the juvenile victim, where there was a lack of any corroborating physical evidence or uninterested testimonial evidence combined with the juvenile's inconsistent and contradictory versions of events in important particulars which should shock one's conscience[?]

4. Whether the trial court erred in not modifying the sentence where the minimum sentences were set at the upper limit of the standard guideline range and resulted in a sentence where the minimum and maximum sentence is excessive and an abuse of the court's discretion considering all the factors and mitigating circumstances given for this particular [Appellant?]

Appellant's Brief at 6.

Initially, we are compelled to note that Appellant failed to properly preserve his sufficiency claim, due to a lack of specificity in his Rule 1925(b) statement. In order to preserve a challenge to the sufficiency of the evidence on appeal, Appellant's Rule 1925(b) statement must state with specificity "the

element or elements upon which the evidence was insufficient." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id.***

Here, Appellant's Rule 1925(b) statement merely states that the trial court erred in concluding "that the evidence was sufficient to support the verdict where that evidence was the uncorroborated testimony of the juvenile victim that was impermissibly bolstered through the testimony of Deborah Esernio-Jenssen, M.D." Pa.R.A.P. 1925(b) Statement, 3/28/18, at 1. Appellant fails to state with any specificity whatsoever which element(s) relating to which crime(s) he believes the Commonwealth failed to establish. Thus, we are compelled to conclude that Appellant's sufficiency claim is waived.

Nevertheless, even if Appellant had properly preserved his claim, we would deem it to be meritless.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

- 5 -

In support of its finding that the Commonwealth presented sufficient evidence to sustain the verdict, the trial court succinctly stated:

> J.T. testified that when she was 12 years old, [Appellant] forced her to perform oral sex on him and forcibly penetrated her on two separate occasions. Additionally, J.T. reported pain and pain on urination following both incidents, a common finding in child sexual abuse cases. Accepting as true this evidence, as well as any reasonable inferences arising from it, it was sufficient in law to prove beyond a reasonable doubt that [Appellant] is guilty of the crimes for which he was convicted.

TCO at 4. After careful review, we would agree.

To the extent that Appellant argues that the evidence is insufficient because J.T.'s testimony was uncorroborated, we note that:

> [T]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses. If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict.

*Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006) (internal citations and quotation marks omitted). The jury found J.T. to be a credible witness and believed her version of the events. *See* TCO at 5. "It is axiomatic that [we] must defer to the credibility determinations of the … fact finder, as the [fact-finder] observes the witnesses' demeanor first-hand." *Commonwealth v. O'Bryon*, 820 A.2d 1287, 1290 (Pa. Super. 2003).

Next, Appellant asserts that the trial court erred in admitting "the irrelevant and prejudicial testimony of Deborah Esernio-Jenssen, M.D., permitting the Commonwealth to bolster the credibility of the juvenile witness

improperly." Appellant's Brief at 6. We deem Appellant's claim to be wholly without merit.

The standard of review for a trial court's evidentiary rulings, such as the admission of expert testimony, is narrow.

> The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

**Commonwealth v. Mendez**, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted).

Dr. Esernio-Jenssen was recognized by the trial court as an expert witness in the fields of general pediatrics and child abuse pediatrics. N.T. Trial (Volume III), 10/26/17, at 12. We acknowledge that, in general, "expert testimony cannot be used to bolster the credibility of a witness." **Mendez**, 74 A.3d at 262. However, "testimony regarding conduct or behavior of victims of sexual assaults … is appropriate for expert testimony because the physical condition of a sexual assault victim is not a matter that is typically within the knowledge of average jurors…." **Id.** (quoting **Commonwealth v. Minerd**, 753 A.2d 225, 228 (Pa. 2000)).

Instantly, Dr. Esernio-Jenssen testified regarding her findings of the examination she performed on J.T., and rendered an opinion, based on her training and experience, that her findings were consistent with that of a typical child sexual abuse case. **See** N.T. Trial (Volume III) at 21-34. She stated

that during the course of obtaining a history from J.T., J.T. disclosed the incidents to her and reported pain at the time of the incidents, as well as pain upon urination afterwards. *Id.* at 24-25. J.T. also informed Dr. Esernio-Jenssen of other symptoms that emerged after the incidents, *i.e.*, a decline in grades, sadness and depression, cutting herself, difficulty sleeping, and fear of going to locations where Appellant had gone. *Id.* 25-26. Dr. Esernio-Jenssen explained that such symptoms are common in victims of child sexual assault. *Id.* at 26. Additionally, Dr. Esernio-Jenssen testified to "normal findings" from her physical examination of J.T., and she explained that normal findings during a physical exam are common in child sexual abuse cases. *Id.* at 30-33. The trial court found this testimony to be "highly relevant." TCO at 6.

It is well-established that "[a] physician is permitted to testify that his or her findings following examination are consistent with a victim's allegations of abuse." *Commonwealth v. Fink*, 791 A.2d 1235, 1247 (Pa. Super. 2002) (citing *Commonwealth v. Hernandez*, 615 A.2d 1337, 1343 (Pa. Super. 1992)). Moreover, in a sexual assault prosecution, "the Commonwealth may … offer the testimony of an expert that the absence of physical trauma is nevertheless consistent with alleged sexual abuse[.]" *Id.* (citing *Minerd*, 753 A.2d at 227). *See also* 42 Pa.C.S. § 5920(b)(2) (providing that in a criminal proceeding for sexual offenses under 18 Pa.C.S. Ch. 31, an expert "may testify to facts and opinions regarding specific types of victim responses and victim

behaviors"). Based on the foregoing, we discern no abuse of discretion in the trial court's decision to allow the expert testimony of Dr. Esernio-Jenssen.

Next, we address Appellant's challenge to the weight of the evidence to support his convictions.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Appellant preserved his weight of the evidence claim in his post-sentence motion and in his Rule 1925(b) statement. Nevertheless, we deem this claim to be waived on appeal due to Appellant's failure to fully develop it in his brief. ***See Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa. Super. 2007) (noting failure to adequately develop an argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119). Other than a single citation of a general rule of law regarding weight of the evidence claims, Appellant's argument consists solely of the following broad statement: "Here, the uncorroborated and self-contradictory testimony of the juvenile

would be insufficient by itself and the improper use of the expert, Dr. Esernio-Jenssen, to make up for the deficiencies of the Commonwealth's case is such that one's sense of justice should be shocked. The judgment should be reversed." Appellant's Brief at 13. Appellant provides no legal argument or support whatsoever to develop his claim.

Even if Appellant had developed a proper challenge to the weight of the evidence, the claim provides no basis for relief. When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. ***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009). Generally, unless the evidence is so unreliable or contradictory as to make any verdict based thereon pure conjecture, these types of claims will be rejected on appellate review. ***Commonwealth v. Trippett***, 932 A.2d 188, 198 (Pa. Super. 2007).

Moreover, the trial court opined:

[Appellant] first argues that there was no medical evidence to support J.T.'s claim. However, Dr. Esernio-Jenssen credibly testified that normal findings are common in child sexual abuse cases. She further testified that the most common symptoms reported are pain and pain on urination, which J.T. did report. [Appellant] also argues that J.T. gave inconsistent and contradictory testimony. First, [the court] find[s] the testimony of N.T. [*sic*] to be credible. Second, her testimony was very consistent in regards to what happened to her, how many times it happened, where it happened, and who the perpetrator was. If there were minor inconsistencies in some of the details, it was up to the jury to consider all the evidence and make credibility determinations. The jury evidently found J.T. to be credible and believed her version of the events. In doing so, they rendered a verdict consistent with the weight of the evidence.

- 10 -

TCO at 5. "On issues of credibility and weight of the evidence, an appellate court defers to the findings of the trial [court], who has had the opportunity to observe the proceedings and demeanor of the witnesses." *Commonwealth v. Cunningham*, 805 A.2d 566, 572 (Pa. Super. 202). After careful review, we ascertain no abuse of discretion by the trial court.

Finally, we address Appellant's claim that his sentence is excessive. Appellant avers that the trial court abused its discretion in imposing the statutory limit and that it failed to consider any mitigating factors prior to sentencing. We note that Appellant's allegations relate to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record clearly reflects that Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and included a separate, concise Rule 2119(f) statement in his appellate brief in compliance with the Pennsylvania Rules of Appellate Procedure. Thus, we proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

Appellant notes that the imposition of concurrent sentences resulted in an aggregate sentence of 20 to 40 years' imprisonment.[7] He baldly asserts that "the minimum and maximum sentence is excessive and an abuse of the court's discretion considering all the factors and mitigating circumstances given for this particular defendant because the court imposed the statutory limit." Appellant's Brief at 14. Appellant fails to cite any specific reasons why he believes his sentence is excessive, nor does he state which mitigating factors he believes the court failed to consider.

There is ample precedent to support a determination that Appellant's claim fails to raise a substantial question. "Under 42 Pa.C.S.[] § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Moury*, 992 A.2d at 171. Moreover, "[a] bald assertion that

_____

[7] Appellant was sentenced to the following: 20 to 40 years' imprisonment for rape of a child; 20 to 40 years for involuntary deviate sexual intercourse of a child; sexual assault (merged for sentencing purposes); 12 to 84 months for endangering the welfare of a child; and 12 to 84 months for corruption of minors.

- 12 -

Appellant's sentence was excessive, devoid of supporting legal authority … does not present a substantial question," and therefore, is not reviewable by this Court. *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012). This Court has also held on numerous occasions "that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. DiSalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (internal citation omitted). *See also Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990) (holding that a claim that the sentencing court failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where the sentence was within the statutory limit and the sentencing guidelines).

Even if we were to find that Appellant's claim did raise a substantial question, the underlying allegation is meritless.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> ***
>
> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those

- 13 -

considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Griffin*, 65 A.3d 932, 935-36 (Pa. Super. 2013) (internal citations and quotation marks omitted).

The record belies Appellant's assertion that the trial court failed to consider mitigating factors. The court expressly stated that it "took into account all the information available to [the court] at the time of sentencing, including the [pre-sentence investigation] report, testimony and letters received from [Appellant's] family, testimony from [Appellant], and the arguments of counsel." TCO at 6. Additionally, the trial court noted that "[Appellant's] minimum sentences were within the standard range, and the maximum sentences were within the statutory limits." *Id.*

After careful review of the record, we are satisfied that the trial court gave appropriate consideration to the relevant factors before issuing Appellant's sentence and ascertain no abuse of discretion.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/19